UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

DOROTEO POLANCO,                        :

                    Plaintiff,          :       11 Civ. 3024 (DAB)(HBP)

      -against-                         :       REPORT AND
                                                <u>RECOMMENDATION</u>
TIANO'S CONSTRUCTION CORP.,             :
<u>et</u> <u>al</u>.,
                                        :

                    Defendants.         :
----------------------------------X


            PITMAN, United States Magistrate Judge:


            TO THE HONORABLE DEBORAH A. BATTS, United States

District Judge,


I.   <u>Introduction</u>


            By notice of motion dated August 7, 2012 (Docket Item

38), defendants Tiano's Construction Corp. ("Tiano") and Mitrani

Plasterers Co. Inc. ("Mitrani") (collectively, "Defendants") move

to dismiss the complaint.[1]

_____

            [1]Although the title of the memorandum of law Tiano and
Mitrani submitted in support of their motion also referred to
Tiano's Construction Mitrani Ceasare General Partnership, another
defendant named in this action, the notice of motion itself did
not seek relief with respect to this defendant (<u>compare</u> Docket
Item 40 <u>with</u> Docket Item 38).  Given this discrepancy and
plaintiff's <u>pro</u> <u>se</u> status, I shall construe the motion as seeking
relief only as to defendants Tiano and Mitrani, the defendants
                                              (continued...)

Because Defendants submitted an affidavit in support of their motion, pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, I construed the motion as a motion for summary judgment and issued an Order on January 4, 2013, advising the parties of this fact (Docket Item 45).  My January 4 Order further advised the parties that I intended to consider the affidavit submitted by Defendants and advised Polanco that he had until January 31, 2013 to submit any materials in opposition.  My January 4 Order also incorporated the text of the notice to pro se litigants required by Local Rule 56.2 and the full text of Rule 56 of the Federal Rules of Civil Procedure.  Polanco submitted a "Reply Affirmation" but failed to provide either an affirmation of service or a proof of service.  Accordingly, I do not consider this material in reaching my conclusion.

For the reasons set forth below, I respectfully recommend that summary judgment be granted dismissing the action as to Tiano and Mitrani.

II.  Facts

The relevant facts are set forth in the Affirmation of Christopher R. Ross, Esq., dated August 7, 2012 (Docket Item 39)

---

[1](...continued)
identified in the notice of motion.

("Ross Aff.").  Polanco does not controvert any of the material
factual statements set forth in the Ross Affirmation.

On or about June 21, 2001, Polanco, along with 12 other
individuals, commenced an action in New York State Supreme Court
against a number of contractors and insurance companies seeking
unpaid wages and benefits for work performed by the plaintiffs at
a number of New York City Housing Authority projects (the "State
Court Complaint") (Ex. A to Ross Aff.).

Pretrial motions were filed in the state court action,
and the rulings on these motions were the subject of several
appeals (Ross Aff. ¶ 9).  Ultimately, the New York Court of
Appeals affirmed the dismissal of several of plaintiffs' causes
of action, but reinstated plaintiffs' breach of contract and
suretyship claims (Ross Aff. ¶ 9).  See Cox v. NAP Constr. Co.,
10 N.Y.3d 592, 891 N.E.2d 271, 861 N.Y.S.2d 238 (2008).  A trial
was held on these claims and resulted in the complete dismissal
of these claims (Ross Aff. Ex. B at 3, 7).

Polanco commenced this action on April 28, 2011 (Docket
Item 2 ("Compl.")).  Although Polanco has not stated his claims
with precision, he appears to base this action on the same facts
giving rise to the state action.[2]  More specifically, he alleges

_____

[2]Indeed, Polanco appears to acknowledge this in his
(continued...)

3

he worked for Tiano and Mitrani for "many years" and he "worked 12 hrs daily but only got paid for seven."  He further alleges that he "was never paid for vacations or received any labor benefits or insurance" (Compl. at III.C).  He seeks "to be compensated for all the hours [he] worked and was not paid for" (Compl. at V).

Tiano and Mitrani move to dismiss the complaint as against them on the grounds that (1) Polanco's claims are time-barred and (2) there is no private right of action under the Davis-Bacon Act.

III.  Analysis

A.  Summary Judgment Standard

The standards applicable to a motion for summary judgment are well-settled and require only brief review.

> Summary judgment shall be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  This form of relief is appropriate when, after discovery, the party -- here plaintiff -- against whom summary judgment is sought, has not shown that evidence of an essential element of [his] case -- one on which

---

[2](...continued)
complaint.  He alleges that he has brought this action because he "was upset at the [state court] judge's dismissal of the case without hearing the witnesses testimony nor letting the jury make their decision" (Compl. at V).

> [he] has the burden of proof -- exists.  See Celotex
> Corp. v. Catrett, 477 U.S. 317, 323 (1986).  This form
> of remedy is inappropriate when the issue to be
> resolved is both genuine and related to a disputed
> material fact.  An alleged factual dispute regarding
> immaterial or minor facts between the parties will not
> defeat an otherwise properly supported motion for
> summary judgment.  See Howard v. Gleason Corp., 901
> F.2d 1154, 1159 (2d Cir. 1990).  Moreover, the
> existence of a mere scintilla of evidence in support of
> nonmovant's position is insufficient to defeat the
> motion; there must be evidence on which a jury could
> reasonably find for the nonmovant.  Anderson v. Liberty
> Lobby, Inc., 477 U.S. 242, 252 (1986).
>
> If the movant demonstrates an absence of a genuine
> issue of material fact, a limited burden of production
> shifts to the nonmovant, who must "demonstrate more
> than some metaphysical doubt as to the material facts,"
> and come forward with "specific facts showing that
> there is a genuine issue for trial."  Aslanidis v.
> United States Lines, Inc., 7 F.3d 1067, 1072 (2d Cir.
> 1993).  If the nonmovant fails to meet this burden,
> summary judgment will be granted against it.  Gallo v.
> Prudential Residential Servs., 22 F.3d 1219, 1224 (2d
> Cir. 1994).

Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 84 (2d Cir.

2004); accord Jeffreys v. City of New York, 426 F.3d 549, 553-54

(2d Cir. 2005); Gallo v. Prudential Residential Servs., Ltd.,

supra, 22 F.3d at 1223-24.

"The party seeking summary judgment has the burden to

demonstrate that no genuine issue of material fact exists . . . .

In determining whether a genuine issue of material fact exists, a

court must examine the evidence in the light most favorable to,

and draw all inferences in favor of, the non-movant . . . .

Stated more succinctly, '[t]he evidence of the non-movant is to be believed.'" Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 253-54 (2d Cir. 2002) (citations omitted). See also Jeffreys v. City of New York, supra, 426 F.3d at 553 ("'Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment.'"), quoting Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir. 1996); accord Make the Road by Walking, Inc. v. Turner, 378 F.3d 133, 142 (2d Cir. 2004); Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).

   B.  Polanco's Claims

        Read leniently, Polanco's complaint can be construed as asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 291, et seq., arising out of work he performed for Defendants (Compl. at III.C).  Any claims that Polanco may have under the FLSA are time-barred.

        Polanco has not alleged the specific dates when he worked for Tiano and Mitrani.  The State Court Complaint, which is based on the same transactions giving rise to the complaint here, alleges that Polanco worked for Tiano and Mitrani in the 1990s (Ex. A to Ross Aff. at ¶¶ 18, 31).  In light of these allegations and the fact that the state court action was

commenced in 2001, it appears that the latest time at which Polanco worked for Tiano and Mitrani was 2001.

This action was commenced on April 28, 2011, when the complaint was received by the Court's Pro Se office (Docket Item 2).  An action under the FLSA must be commenced within two years of non-willful violations and within three years of willful violations.  29 U.S.C. § 255.  Thus, even if I assume a willful violation here, the action was commenced approximately seven years after the expiration of the most favorable limitations period available.  Accordingly, this action is time-barred.

Defendants' argument that Polanco's complaint should be dismissed on the basis of Grochowski v. Phoenix Construction Corp., 318 F.3d 80 (2d Cir. 2003) is somewhat misplaced.  In Grochowski, the Court of Appeals for the Second Circuit considered the Davis-Bacon Act, which "requires that all laborers and mechanics working on federally funded construction projects be paid not less than the prevailing wage in the locality where the work is performed."  318 F.3d at 85, citing 40 U.S.C. § 276a. The court held that a plaintiff cannot bring common law breach of contract or quantum meruit claims to enforce the prevailing wage schedules contained in the Davis-Bacon Act.  Grochowski v. Phoenix Constr. Corp., supra, 318 F.3d at 86.  It reasoned that because there is no private right of action under the Davis-Bacon

Act, "to allow a third-party private contract action aimed at enforcing those wage schedules would be 'inconsistent with the underlying purpose of the legislative scheme [of administrative remedies] and would interfere with the implementation of that scheme to the same extent as would a cause of action directly under the statute." Grochowski v. Phoenix Constr., supra, 318 F.3d at 86; accord Gunther v. Capital One, N.A., 703 F. Supp. 2d 264, 271 (E.D.N.Y. 2010).  Thus, if Polanco had brought a state law claim based on Defendants' failure to comply with the wage provisions required by the Davis-Bacon Act, Defendants are correct that Grochowski would bar that claim.  Grochowski does not, however, apply here because it does not appear that Polanco is asserting state law claims.[3]

IV.  Conclusion

        Accordingly, for all the foregoing reasons, I respectfully recommend that summary judgment be granted in favor of Tiano and Mitrani and that this action be dismissed as against them.

---

        [3]I also note that any state law claims would have to be founded on diversity jurisdiction, which appears to be lacking here.  In his complaint, Polanco lists both his address and Defendants' addresses as in New York state (Compl. at I.A, I.B).

V.   <u>OBJECTIONS</u>

        Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of
the Federal Rules of Civil Procedure, the parties shall have
fourteen (14) days from receipt of this Report to file written
objections.  <u>See also</u> Fed.R.Civ.P. 6(a).  Such objections (and
responses thereto) shall be filed with the Clerk of the Court,
with courtesy copies delivered to the Chambers of the Honorable
Deborah A. Batts, United States District Judge, 500 Pearl Street,
Room 2510, and to the Chambers of the undersigned, 500 Pearl
Street, Room 750, New York, New York 10007.  Any requests for an
extension of time for filing objections must be directed to Judge
Batts.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT
IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW.
<u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>United States v. Male</u>
<u>Juvenile</u>, 121 F.3d 34, 38 (2d Cir. 1997); <u>IUE AFL-CIO Pension</u>
<u>Fund v. Herrmann</u>, 9 F.3d 1049, 1054 (2d Cir. 1993); <u>Frank v.</u>
<u>Johnson</u>, 968 F.2d 298, 300 (2d Cir. 1992); <u>Wesolek v. Canadair</u>

9

Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714

F.2d 234, 237-238 (2d Cir. 1983).

Dated:  New York, New York
        February 6, 2013

                                Respectfully submitted,


                                _____
                                HENRY PITMAN
                                United States Magistrate Judge

Copies transmitted to:

Mr. Doroteo Polanco
1939 Grand Concourse
Apt. #1K
Bronx, New York  10453

Christopher C. Ross, Esq.
Law Office of Christopher Ross
573 South Country Rd
East Patchogue, New York  11772